UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIGER LILY VENTURES LTD.,<br><br>                Movant,<br><br>v.<br><br>BARCLAYS CAPITAL INC.<br><br>                Respondent. | Case No: 1:17-mc-00499-GBD-KNF |

**BARCLAYS CAPITAL INC.'S MEMORANDUM OF LAW IN OPPOSITION TO
TIGER LILY VENTURES LTD.'S MOTION TO COMPEL**

 

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Eric J. Shimanoff
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200
ejs@cll.com

*Attorneys for Respondent Barclays Capital Inc.*

28827/100/2380374

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................... 5

I.  THIS COURT DOES NOT HAVE JURISDICTION OVER THE
    INSTANT MOTION ........................................................................................................ 5

II. THE INFORMATION SOUGHT BY TIGER LILY IS SHIELDED
    FROM DISCLOSURE UNDER THE OPINION WORK PRODUCT
    DOCTRINE ..................................................................................................................... 7

    a.  Tiger Lily Seeks to Compel Disclosure of Protected Opinion Work
        Product ................................................................................................................. 7

    b.  Barclays Did Not Waive Work Product Protection ........................................... 11

III. TIGER LILY CONFLATES DISCOVERY WITH TRIAL TESTIMONY ...................... 12

CONCLUSION .......................................................................................................................... 13

**PRELIMINARY STATEMENT**

In an attempt to unlawfully usurp the fame and renown of the LEHMAN BROTHERS name and trademark, Tiger Lily Ventures Ltd. ("Tiger Lily") seeks to register with the United States Patent and Trademark Office ("USPTO") the mark LEHMAN BROTHERS for intended use in connection with beer, spirits and bar and restaurant services. Barclays Capital Inc. ("Barclays"), the owner by assignment of the LEHMAN BROTHERS name and trademark, has filed two oppositions in the USPTO's Trademark Trial and Appeal Board ("TTAB") against Tiger Lily's trademark applications in order to protect Barclays' intellectual property right and to protect consumers from likely confusion concerning the source, affiliation or sponsorship of Tiger Lily's proposed goods and services.

During Barclays' initial trial period before the TTAB, it submitted the trial declaration of Ignacio V. Duran, a former paralegal at the law firm of Barclays' outside counsel. At the instruction of counsel, Mr. Duran had conducted searches of Lexis-Nexis and Internet databases and in his declaration authenticated and attached the results thereof. Pursuant to the TTAB rules, Tiger Lily elected to cross-examine Mr. Duran via notice of cross-examination through testimony by deposition. Unable to challenge the accuracy and authenticity of the searches and their results, Tiger Lily attempted to use the cross-examination as an impermissible inquiry into numerous matters protected by the opinion work product doctrine, including *why* the searches were conducted, *internal communications* among Barclays' outside legal team concerning legal strategy and *how* the search results and documents appended to Mr. Duran's declaration ultimately will be used in Barclay's trial brief. Barclays' counsel properly objected to these questions, which Mr. Duran did not answer.

With broad strokes and without proffering any applicable precedent, Tiger Lily now seeks an order from this Court compelling Mr. Duran to disclose such work product. However,

there is no jurisdictional basis for this Court to hear the instant motion or grant Tiger Lily's requested relief. As recognized by Tiger Lily in its moving papers, Mr. Duran's testimony was given pursuant to notice, not a subpoena. This Court cannot compel testimony in a case before the TTAB in such circumstances.

Moreover, even if this Court had authority to hear the instant motion, Tiger Lily's motion would fail on the merits. The information sought from Mr. Duran is undeniably opinion work product, as it reflects the mental impressions and legal strategies of Barclays' outside counsel. Tiger Lily has not provided any basis upon which to invade this sacred space, let alone the "highly persuasive" showing required to obtain opinion work product. Nor has Barclays waived work product immunity by disclosing the fact of the searches and their results. The disclosure of *fact* work product (i.e., the results of an investigation) does not constitute a waiver of *opinion* work product (i.e., the reasoning behind the selection of such documents). Tiger Lily fails to recognize this simple and well-established distinction.

Finally, Tiger Lily's reliance on the rules of discovery is misplaced as discovery in these TTAB proceedings closed nearly a year ago and Mr. Duran is proffering trial testimony; he is not participating in a discovery deposition.

For all these reasons, as more fully set forth below, the Court should deny Tiger Lily's motion to compel Mr. Duran's further testimony.

**STATEMENT OF FACTS**

This matter arises from consolidated opposition proceedings instituted in the USPTO's TTAB captioned <u>Barclays Capital Inc. v. Tiger Lily Ventures Ltd</u>, Opposition Nos. 91219477 (Parent), 91219478 and 91219549 (the "Consolidated Opposition"), in which Barclays opposes Tiger Lily's applications in the USPTO to register the trademark LEHMAN BROTHERS for "Beer" and "Spirits" (U.S. Application No. 85/868,892) and for "Bar services; Restaurant

2

services" (U.S. Application No. 86/298,069), and Tiger Lily opposes Barclays' application to register the trademark LEHMAN BROTHERS for various financial services (U.S. Application No. 86/081,143).[1] As part of the Consolidated Opposition, the parties engaged in extensive fact discovery until March 6, 2016 when the discovery period closed. Ghiselli Decl. Ex. 2. The Consolidated Opposition entered its trial phase, in which the parties are afforded the opportunity to present testimony to the TTAB via affidavit, declaration or deposition, on February 21, 2017. Ghiselli Decl. Ex. 3. The trial period remains active.

On March 21, 2017 and during its assigned trial testimony period, Barclays submitted trial testimony to the TTAB via written declarations pursuant to 37 C.F.R. §§ 2.123(a) and 2.125 and TTAB Manual of Procedure ("TBMP") § 703.01, including a declaration by Ignacio V. Duran, then a paralegal at the law firm representing Barclays in the Consolidated Opposition. Mr. Duran testified nearly exclusively to identify and authenticate the exhibits attached to his trial declaration. For example, Mr. Duran stated in Paragraph 8 of his declaration:

> Attached hereto as **Exhibit 35 (BARCLAYS001211-BARCLAYS001213)** is a true and correct copy of a printout of the first page of the results of a Lexis-Nexis search conducted on June 17, 2014 in the Lexis-Nexis databases covering *The Wall Street Journal*, *The Wall Street Journal Online*, *The New York Times*, *The Washington Post*, *The Los Angeles Times* and *The Chicago Tribune* for articles first published between January 1, 2008 and September 14, 2008 for the term "Lehman Brothers," which search yielded 1,818 results.

Trial Declaration of Ignacio V. Duran dated March 21, 2017 ("Duran Declaration") (Ex. 2 to the Declaration of Robert Garson, Dkt. No. 12 ("Garson Decl.")). Mr. Duran did not provide testimony regarding his opinions or the effect of any of the public database searches referenced

---

[1] Copies of the current notices of opposition in the Consolidated Opposition are attached as Exhibit 1 to the Declaration of Ryan A. Ghiselli ("Ghiselli Decl.") submitted in connection with this Memorandum of Law.

3

in or exhibits attached to his declaration, the meanings of any of the exhibits or the reasons any of the exhibits were being proffered. With the exception of a brief introductory paragraph that Mr. Duran used to identify himself and a paragraph in which Mr. Duran noted that certain third parties have used or registered the same trademarks or families of trademarks in connection with financial services as well as food and/or alcoholic beverage goods and services, every paragraph in Mr. Duran's declaration served to authenticate documents in a manner similar to that shown in Paragraph 8 of his declaration.

Nonetheless, on April 5, 2017, Tiger Lily submitted a "Notice of Testimonial Cross-Examination" to inform Barclays that Tiger Lily intended to orally cross-examine Mr. Duran concerning Mr. Duran's written testimony. See Garson Decl. Ex. 1. No subpoena was issued to Mr. Duran compelling his testimony. During Mr. Duran's cross-examination on November 28, 2017, counsel for Tiger Lily repeatedly sought to elicit testimony concerning the reasons for and privileged communications regarding Barclays' and/or Mr. Duran's selection of documents attached to the Duran Declaration as well as Mr. Duran's opinion regarding the relevance of those documents.

Just by way of example, while questioning Mr. Duran about the steps taken by Mr. Duran to collect information to include in his trial declaration, Tiger Lily's counsel asked Mr. Duran, "So, therefore, what were your instructions to go out and find?" Garson Decl. Ex. 4, Transcript of the Nov. 28, 2017 Cross-Examination Deposition of Ignacio V. Duran ("Duran Dep. Tr.") at 84. At a later stage of the deposition, Tiger Lily's counsel commented that Mr. Duran "provided a lot of documentation" in his declaration and asked, "Was part of the tactic, just so I know, just try to provide as much as you possibly could?" Garson Decl. Ex. 4, Duran Dep. Tr. at 108. Tiger Lily's counsel then asked "Is it your contention that this evidence supports Barclays'

4

opposition…." Garson Decl. Ex. 4, Duran Dep. Tr. at 111. Then, Tiger Lily's counsel pointed to a portion of one of the exhibits attached to Mr. Duran's declaration and asked Mr. Duran, "What does that…got to do with this case?" Garson Decl. Ex. 4, Duran Dep. Tr. at 116. For its part, Barclays objected to these questions as improperly seeking privileged and/or work product information.

Counsel for Tiger Lily also inquired repeatedly whether Mr. Duran was "given a choice" by his then-employer to decline serving as a witness in the Consolidated Opposition. Garson Decl. Ex. 4, Duran Dep. Tr. at 9-17. Duran essentially answered this question by testifying that the reason he was selected to submit the declaration was "[b]ecause it was my job." Ghiselli Declaration Ex. 4, Duran Dep. Tr. at 7. Barclays objected to further questioning which necessarily implicated internal law firm communications and strategy.

On or around December 19, 2017, Tiger Lily brought the instant motion seeking to compel Mr. Duran's testimony on these subjects. Barclays now submits this opposition in response on the grounds that consideration of Tiger Lily's motion falls outside of this Court's jurisdiction, and that in any event, the information Tiger Lily seeks to compel is protected by the work product doctrine.

## ARGUMENT

I.  **THIS COURT DOES NOT HAVE JURISDICTION OVER THE INSTANT MOTION**

"Federal courts are courts of limited jurisdiction. They possess only the power strictly authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Court's jurisdiction cannot be expanded merely through judicial decree. Id. (citations omitted). "It is to be presumed that a cause lies outside this limited

5

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted). Tiger Lily has not met this burden.

A federal court does not have jurisdiction to determine a motion to compel testimony in connection with a TTAB proceeding unless the testimony is being taken pursuant to a subpoena issued by the Court under 35 U.S.C. § 24 and Fed. R. Civ. P. 45. See Parker v. Hartstrings, Inc., 2000 U.S. Dist. LEXIS 9442, at *3-4 (E.D. Pa. July 10, 2000) (court lacked jurisdiction to entertain motion regarding TTAB trial testimony proffered via notice); Rosenruist-Gestao E Servicos LDA v. Virgin Enters., 511 F.3d 437, 445 (4th Cir. 2007) (court may only hear motion to compel testimony in TTAB proceeding based on issuance of subpoena).[2] This Court should refuse to entertain Tiger Lily's motion because no such subpoena has ever been issued in connection with the testimony of Mr. Duran in the Consolidated Opposition.

35 U.S.C. § 24 states, in relevant part, that:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office…
>
> …A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify.

---

[2] The TTAB rules also are clear on this point. See TBMP § 707.03(d) (motions to district court to compel testimony may not be sought absent subpoena; motions challenging propriety of testimony objections via notice are decided by TTAB at the final hearing).

Notwithstanding the fact that this Court has never issued a subpoena for Mr. Duran's testimony in the Consolidated Opposition, Tiger Lily relies entirely upon 35 U.S.C. § 24 in its moving brief to argue that this Court should compel Mr. Duran to provide additional trial testimony in the Consolidated Opposition. See Plaintiff's Brief in Support of Motion to Compel, Dkt. No. 11 ("Moving Brief"), at 5 ("[W]hen a witness not only objects, but also refuses to answer, a particular question in a deposition taken under a subpoena issued pursuant to 35 U.S.C. § 24 and Fed. R. Civ. P. 45, the propounding party may obtain an immediate ruling on the propriety of the objection through 35 U.S.C. § 24 in the federal district court in the jurisdiction where the deposition is being taken"). In fact, Tiger Lily admits in its moving brief that Tiger Lily took its cross-examination of Mr. Duran pursuant to a "Notice of Testimonial Cross-Examination." Id. A notice of cross-examination obviously is not a subpoena.

Tiger Lily's assertion that this Court has jurisdiction over Tiger Lily's motion to compel based on a notice of deposition, and not a subpoena, thus should be rejected.

## II. THE INFORMATION SOUGHT BY TIGER LILY IS SHIELDED FROM DISCLOSURE UNDER THE OPINION WORK PRODUCT DOCTRINE

### a. Tiger Lily Seeks to Compel Disclosure of Protected Opinion Work Product

Even if this Court decides that Tiger Lily's motion to compel can be resolved in this forum at this time, Tiger Lily's motion fails because the testimony that Tiger Lily seeks to compel is comprised of information that is protected by the work product doctrine.

The work product doctrine shields a witness from having to testify about communications with attorneys that would reveal the attorneys' mental impressions of the litigation. In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988) (refusing to compel SEC to provide deposition response that would have required testimony from SEC attorneys on their mental impressions of witness interviews conducted in connection with insider trading investigation) (citing Hickman

7

v. Taylor, 329 U.S. 495, 510 (1947)). This rule arises out of an intent "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategies with an eye toward litigation, free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998); see also 6-26 Moore's Federal Practice - Civil § 26.70 (2017). The protection afforded by the work product doctrine extends not only to lawyers, but to paralegals and others working on a party's legal team with whom opinion work product is shared. Fine v. Facet Aerospace Prods. Co., 133 F.R.D. 439, 445 (S.D.N.Y. 1990); see also United States v. Nobles, 422 U.S. 225, 238–39 (1975) ("It is … necessary that the [work product] doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself").

The degree of protection afforded under the work product doctrine is dependent upon whether the work product is "ordinary [or fact]" or "opinion" work product. Loftis v. Amica Mut. Ins. Co., 175 F.R.D. 5, 11 (D. Conn. 1997).  Opinion work product, "which shows the mental impressions, conclusions, opinions or legal theories of an attorney or other representative," is the most highly protected category of work product and should be protected from disclosure to an adverse party unless a "highly persuasive" showing is made. Adlman, 134 F.3d. at 1204; see also In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007).  Fact work product, by contrast, "encompass[es] factual material, including the result of a factual investigation," In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d at 183, and may be discovered only "upon a showing of substantial need and inability to obtain the equivalent without undue hardship." Upjohn Co. v. United States, 449 U.S. 383, 400 (1981).  A mere showing of "substantial need" for the information and inability to obtain the equivalent without

undue hardship is not enough to warrant disclosure of opinion work product. Upjohn, 449 U.S. at 401.

In this case, the testimony which Tiger Lily seeks to compel is opinion work product formed as part of Barclays' trial preparations. Notwithstanding Tiger Lily's assertions in its moving brief, almost all of the testimony to which Tiger Lily appears to claim an entitlement concerns Mr. Duran's understanding of the reasons *why* certain documents were selected to be attached to his trial declaration, *how those documents ultimately will be used* in the Consolidated Opposition and communications among Barclays' legal team preparing his trial testimony declaration. This information goes to the "mental impressions, conclusions, opinions or legal theories of an attorney or other representative," and therefore is protected from disclosure unless Tiger Lily can advance a "highly persuasive" showing to overcome that protection. Adlman, 134 F.3d at 1204; see also McDaniel v. Freightliner Corp., 2000 U.S. Dist. LEXIS 3497, at *21 (S.D.N.Y. Mar. 22, 2000) (information regarding attorney's selection of particular documents to use in connection with case protected as opinion work product); Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 77 (S.D.N.Y. 2010) (emails discussing gathering of evidence in anticipation of litigation protected by work product doctrine).

Tiger Lily has not made a "highly persuasive" showing to overcome the opinion work product immunity asserted by Barclays' counsel. Tiger Lily argues only that "Plaintiff has demonstrated substantial need for answers designated as work product." See Moving Brief at 12. As outlined above, a showing of "substantial need" and "undue hardship" are not enough to warrant the disclosure of opinion work product. Adlman, 134 F.3d at 1204. In any event, Tiger Lily advances no facts whatsoever to show that Tiger Lily has any "substantial need" for the information that it seeks or that an "undue hardship" attendant to acquiring its equivalent exists.

The TTAB rules clearly provide that a party need not explain the relevance of any document submitted via trial testimony until that party files its trial brief after all testimony is complete. See TBMP § 801.01 ("After the close of all testimony periods in an inter partes proceeding before the Board, the parties are allowed time in which to file briefs on the case. The brief is a party's opportunity to present, in a systematic and coherent manner, and in a form which is permanent and can be referred to, a discussion of the facts in light of the law, its strongest affirmative arguments, and a rebuttal of its adversary's arguments") (citing 37 C.F.R. § 2.128).  Tiger Lily's questions seek to impermissibly invade the opinion work product immunity and circumvent the orderly trial procedures set forth by the TTAB.

It also is important to note that Mr. Duran was permitted to answer numerous questions about the mechanics of the searches he performed and what the documents and searches showed on their faces. Mr. Duran also was permitted, over objection, to testify about his personal impression of the documents, even though such testimony is irrelevant and went well beyond the scope of Mr. Duran's declaration, nearly exclusively merely authenticated Internet documents and searches. See, e.g., Ghiselli Decl. Ex. 5, Duran Dep. Tr. at 41-60, 73-76, 82-86, 109-63 & 168-71. Tiger Lily omits from its motion these portions of Mr. Duran's testimony transcript.  If Tiger Lily is concerned about bias in the results of computer generated searches through third party search engines and databases, Tiger Lily is free to replicate such searches itself.  But Tiger Lily is not permitted to inquire about opinion work product merely because it may not understand the relevance of the documents submitted with Mr. Duran's declaration.[3]

---

[3] Without specific citation, Tiger Lily claims in its Moving Brief that Mr. Duran refused to answer questions concerning "attorneys also acting as witnesses in TTAB proceedings." Moving Brief at 4.  Tiger Lily is wrong; Mr. Duran answered these questions. See Ghiselli Decl. Ex. 5, Duran Dep. Tr. at 25-28, 32-37, 78-81 & 89-92.

Moreover, contrary to Tiger Lily's insistence that it is entitled to information about surveys that may or may not have been conducted (a topic well beyond the scope of Mr. Duran's declaration), expert disclosures are governed by Rule 26, which does not require disclosure of information from non-testifying experts. See Fed. R. Civ. P. 26(b)(4)(D); see also Jewel Cos. v. GranJewel Jewelers & Distributors, Inc., 1975 U.S. Dist. LEXIS 13160 (M.D. Fla. Jan. 1, 1975) (unless submitted by testifying witness at trial, survey was deemed work product).

      b.      Barclays Did Not Waive Work Product Protection

Ostensibly recognizing that the information sought from Mr. Duran constitutes opinion work product, Tiger Lily seemingly argues that, by producing Mr. Duran as a witness, Barclays has waived its claim of work product immunity. But this position is contrary to well-established law. Merely because a party chooses to disclose the "existence" of certain documents or searches (e.g., fact work product) does not mean that the party has waived immunity concerning "why" the documents were selected or the searches were conducted (e.g., opinion work product). See Shinnecock Indian Nation v. Kempthorne, 652 F. Supp. 2d 345, 367-69 (E.D.N.Y. 2009) ("even assuming *arguendo* that there was partial disclosure of non-opinion work product in the second document (which there was not), there is no authority supporting the proposition that such a finding may overcome the heightened protections of opinion work product to compel full disclosure thereof"); see also Bank of Am., N.A. v. Terra Nova Ins. Co., 212 F.R.D. 166, 175 (S.D.N.Y. 2002) ("[T]here is no indication that Terra Nova disclosed anything other than 'fact' work product . . . . This suggests that Terra Nova made an affirmative effort to protect the confidentiality of the 'opinion' work product of its attorneys. Accordingly, Terra Nova will not be compelled to produce any 'opinion' work product"); Bernstein v Bernstein, 1993 U.S. Dist. LEXIS 6979, at *2 (E.D.N.Y. May 24, 1993) ("The testimony . . . revealed essentially factual (and non-privileged) information regarding these conversations and not mental impressions . . . .

11

Such factual testimony does not operate as a waiver by plaintiffs of all information regarding these three witnesses, particularly documents containing mental impressions . . . ."); Koumoulis v. Indep. Fin. Mktg. Grp., Inc., 295 F.R.D. 28, 39 (E.D.N.Y. 2013) ("courts have been reluctant to hold that implied waiver of non-opinion work product extends to opinion work product").

Barclays at no time voluntarily disclosed any opinion work product. That its witness authenticated searches and documents from public databases did not constitute a waiver of counsel's mental impressions about the documents and litigation strategies, including the reasons Barclays selected the documents and searches and how those documents and searches ultimately will be used in Barclays' trial briefs. If the converse were true, then opinion work product would be waived every time a lawyer reviewed and produced documents during discovery. There is no rationale for Tiger Lily's position of waiver.

### III. TIGER LILY CONFLATES DISCOVERY WITH TRIAL TESTIMONY

Although there is no dispute that Mr. Duran's testimony was proffered as trial testimony, and not through a discovery deposition, Tiger Lily's motion to compel Mr. Duran's further testimony is replete with citations to the rules of discovery, none of which are applicable to the motion to compel trial testimony before the Court. To the extent Tiger Lily complains that Barclays did not produce a privilege log during discovery: (1) such arguments are now time-barred, see 37 C.F.R. § 2.120(f) (discovery motions in TTAB proceedings must be made before beginning of first trial period); (2) absent a subpoena, this Court lacks jurisdiction to compel discovery in a TTAB proceeding, see supra; (3) logging all post-litigation internal law firm communications would be unduly burdensome, see ABC v. Aereo, Inc., 2013 U.S. Dist. LEXIS 5316, at *9-10 (S.D.N.Y. Jan. 11, 2013); and (4) Tiger Lily itself has not produced a privilege log.

## **CONCLUSION**

Based on the foregoing, the Court should deny Tiger Lily's motion to compel.

| | |
|---|---|
| Dated: New York, New York<br>January 10, 2017 | COWAN, LIEBOWITZ & LATMAN, P.C.<br><br>By:   s/ Eric J. Shimanoff<br>       Eric J. Shimanoff (ejs@cll.com)<br>114 West 47th Street<br>New York, NY 10036<br>(212) 790-9200<br>*Attorneys for Respondent Barclays Capital Inc.* |

13