**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

TIGER LILY VENTURES LTD,

                Plaintiff-Opposer,    **Case No. :** 1:17-mc-00499-GBD-KNF

        v.

BARCLAYS CAPITAL INC.

                Defendant-Applicant.
_____


**REPLY MEMORANDUM OF LAW IN SUPPORT OF**

**TIGER LILY'S MOTION TO COMPEL**




GARSON, SEGAL, STEINMETZ, FLADGATE, LLP
164 WEST 25th St, 11R
New York, NY 10028
(212) 380-3623


**INTRODUCTION**

1

It is not intended that this Reply in further support of the Motion to Compel is to repeat or rehearse the arguments made in the original motion but should rather serve to crytsallize where the differences lie between Tiger Lily, Ltd. ("Tiger Lily") and Barclays Capital, Inc. ('Barclays") as set in its Memoradum of Law in Oppositon dated January 10, 2018. ("Opp. Brief").

Seemingly this case is one of first impression, certainly since the procedures in TTAB have changed to permit expanded testimony by declaration, where:

    a)    A party has sought to rely upon only lawyer / paralegal testimony in support of its position; and

    b)    All of the documents exhibited or adduced were prepared for the purposes of the litigation;

    c)    In a testamentary cross-examination the party then asserts the attorney work product protection, a construction of the Federal Rules of Civil Procedure, to insulate the lawyer / paralegal witnesses' testimony; and

    d)    The asserting party objects to the District Court's jurisdiction to enquire whether such an assertion of protection is proper.

In short, Barclays maintains this Court does not have jurisdiction over the instant motion since a federal court does not have jurisdiction to determine a motion to compel testimony in connection with a TTAB proceeding unless the testimony is being taken pursuant to a subpoena issued by the court under 35 U.S.C. §24 and Fed R. Civ. P. 45. In support of its position, Barclay's relies on the fact that a Notice of Testimonial Cross Examination was sent rather than subpoena issued in connection with the testimony of

Duran, therefore this Court court should refuse to entertain Tiger Lily's motion. As will be demonstrated below, this is an incorrect fettering of this Court's discretion and elevates form far above substance, *a fortiori* since the reserve position of this Court would be, in consequence, to issue a Fed R. Civ. P. 45 subpoena with direction to answer the questions previously posed.

Secondly, Barclays incorrectly asserts that the information sought by Tiger Lily is shielded from disclosure under the opinion work product doctrine in that Tiger Lily seeks only "mental impressions … opinions or legal theories" and thus is opinion work product. This is simply incorrect and Barclays seeks to draw a false impression between fact work product and opinion work product. Due to the fact that none of this work product pre-existed, was never kept in the ordinary course of business by Barclays or opposing counsel, there is no fact work product. *Arguendo*, the fact that a lawyer / paralegal was tasked to create and prepare information for trial and presents such evidence as witness at trial, demands that any work product protection is either deemed waived or unenforceable.

**ARGUMENT**

A. **The Court's Jurisdiction Over Regulating TTAB Trial Testimony**

The TTAB is an administrative tribunal of the Patent and Trademark Office with jurisdiction over *inter partes* challenges to the registration of trademarks. *See* 15 U.S.C.A. § 1067(a). Procedure in *inter partes* matters differs from that in district court at the trial stage, in that the taking of testimony does not occur in the physical presence of the TTAB. Rather, testimony is taken by deposition during set testimony periods, and the TTAB

3

resolves all factual issues based on the written record submitted by the parties. *See* 37 C.F.R. §§ 2.121, 2.123, 2.125.

*Inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases adopted by the PTO and set forth in Part 2 of Title 37 of the Code of Federal Regulations. *See* 35 U.S.C.A. §23 (granting the Director of the PTO the authority to "establish rules for taking affidavits and depositions required in cases in the [PTO]"). The USPTO's rules were "adapted from the Federal Rules [of Civil Procedure], with modifications appropriate to the administrative process." *Yamaha Int'l Corp. v. Hoshino Gakki Co.,* 840 F.2d 1572, 1575 (Fed.Cir.1988). Under the PTO's rules, the Federal Rules of Civil Procedure generally apply to all phases of *inter partes* proceedings, *see* 37 C.F.R. § 2.116(a), including discovery and the taking of depositions, *see* 37 C.F.R. § 2.120(a).

Since TTAB is an administrative tribunal*, de facto*, of limited jurisdiction, it is empowered only to decide whether a given trademark is registrable. *See Person's Co. v. Christman,* 900 F.2d 1565, 1571 (Fed.Cir.1990). Furthermore, though TTAB possesses the authority to impose limited sanctions upon *parties* that fail to cooperate during discovery, *it* lacks authority to compel witnesses through the subpoena power to appear for testimony in *inter partes* proceedings. *Consolidated Foods Corp. v. Ferro Corp.,* 189 U.S.P.Q. 582, 583 (T.T.A.B.1976).

Therefore, Congress granted district courts subpoena authority under 35 U.S.C. §24 to command the appearance of witnesses in administrative proceedings before the PTO. *See Frilette v. Kimberlin,* 508 F.2d 205, 207 (3d Cir.1975) (en banc); *Vogel v. Jones,*

4

443 F.2d 257, 259 (3d Cir. 1971). Under this statute, district courts have "jurisdiction to . . . issu[e] . . . subpoenas" in USPTO proceedings. *Frilette,* 508 F.2d at 207. Therefore, §24 assigns a supportive role to the district courts to ensure the smooth functioning of the procedures adopted by the USPTO.

    **i)**    **Failure To Answer At Testimonial Deposition - TTAB Empowers The Local District Court to Order Compulsion**

If a witness not only objects to, but also refuses to answer a particular question, and if the deposition is being taken pursuant to a subpoena, issued pursuant to 35 U.S.C. §24 and Fed. R. Civ. P. 45, the propounding party may attempt to obtain an immediate ruling on the propriety of the objection only by adjourning the deposition and applying, under 35 U.S.C. §24, to the federal district court, in the jurisdiction where the deposition is being taken, for an order compelling the witness to answer. *See Ferro Corp. v. SCM Corp.*, 219 USPQ 346, 351 (TTAB 1983); *Neville Chemical Co. v. Lubrizol Corp.*, 183 USPQ 184, 189 (TTAB 1974).

It is axiomatic that a failure to respond to questioning constitutes 'non-attendance' for the purpose of a deposition (see e.g. *Health-Tex Inc. v. Okabashu (U.S.) Corporation*, 18 U.S.P.Q.2d 1409 (T.T.A.B. June 15, 1990)).  To find otherwise would allow deponents to avoid cross-examination (as well as any consequences of avoidance) by merely attending the deposition and remaining silent.  Furthermore, a refusal to answer based on purported yet incorrect assertion of work-product protection, is silence in its effect.

5

The lacuna presented by Barclays results in an absurd situation in which the availability of this Court for the compulsion for Tiger Lily turns on whether the witness complied with the physical attendance criterion of the initial Notice of Examination (for non-compliance would have resulted in the seeking of a subpoena and thus ability to seek to compel). It cannot follow that it was Congress' intent to arbitrarily deny recourse to cross-examining parties in notice testimonial depositions as opposed to those taken pursuant to subpoena.  Therefore, this Court is presented with a choice, where a distinction without a difference is apparent either: (a) issue a subpoena pursuant to Rule 45 ordering that the answers be given where work product protection has been incorrectly invoked or (b) make an order for compulsion of such answers.

In our submission, a deposition attended pursuant to notice rather than subpoena should be deemed to have been taken pursuant to subpoena for the purposes of 35 U.S.C. §24.  Depositions for TTAB matters can be validly taken on notice alone (see TBMP 703.01(f)(1)).  Given the validity of this mode of deposition, it cannot follow that the cross-examiner is adversely affected and has no recourse to the Court solely because a deposition was taken pursuant to notice rather than subpoena.  The approach offered by Barclays, which slavishly priorities form over substance, leads to absurd practical consequences, which could not reasonably reflect Congressional intent.  *See Natta v. Hogan*, 392 F.2d 686 (CA 10th Cir., 1968) ("The contention that jurisdiction is not obtained until a subpoena is issued and that only then may a Rule 34 motion be presented glorifies form over substance.") Such an approach would not only render the practice of deposition by notice in TTAB matters redundant, as it would be less advantageous to cross-examine

6

by mere notice, it would also increase the burden of the Court due to deposing attorneys who would have otherwise conducted depositions consensually by notice alone, now seeking subpoenas.

### ii) The Invocation Fed R. Civ. P. 26 Demands District Court Interpretation At This Stage

The Work Product Dotrine is a federal procedural rule that governs in all federal cases. See Hickman v. Taylor 30 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451, 1947 A.M.C 1(1947). Federal law standards also govern whether work-product protection has been waived or forfeited. *See Continental Cas. Co. v. Under Armour, Inc.* 537 Supp. 2d 761, 769 (D. Md. 2008); *Holliday v. Extex*, 447 F. Supp. 2d 1131, 1136 (D. Haw. 2006).

Applied literally, work-product protection under Rule 26(b)(3) does not extend to non-document discovery such as interrogatories or depositions, hence Barclays needing to hang its hat on the fact that courts have extended work-product protection to mental impressions. *See Strauss v. Credit Lyonnais, S.A.,* 242 F.R.D. 199, 230, 68 Fed. R. Serv. 3d 72 (E.D. N.Y. 2007). Interestingly, in this case, it is seemingly agreed that all of the documents presented by Barclays were prepared not just in anticipation of litigation but that the underlying TTAB dispute was the sole motivating purpose behind the creating of the exhibited documents. That despite the documents themselves being produced, the circumstances of their creation are deemed to be the stuff of work-product. Impotantly however, not all material prepared in anticipation of litigation are covered by the work-protection doctrine. *See* treatment of Rule 26(b)(4) and *Republic of Ecuador v. MacKay*, 742 (F.3d 860, 866-71 (9th Cir. 2014).

7

Importantly, we submit, by relying upon such lawyer generated documents and testifying as to their "authenticity", a creation a waiver event has occured. *See US v. Nobles*, 422 U.S. 225, 239, 95 S. Ct. 2160, 45 L.Ed. 2d 141, 20 Fed. R. Serv. 2d 547 (1975). The Federal Rule of Evidence 502 governs the scope of such an intentional waiver that, simply put, this Court is best placed to evaluate such the facts at hand in line with prevailing law.

**B. Barclays' Distinction Between Opinion And Fact Work Product is Unavailing.**

The arguments contained in Motion to Compel remain unsullied by the Opposition Brief and do not need to be fully reiterated here.  Barclay's argument can be distilled down to one singluar proposition that disclosure of fact work product does not waive immunity with respect to opinion work product. This is based on the fundamental presumption that when documents were compiled, created or assembled purely for the purposes of litigation, there exists a distinction between fact and opinion, since one is nesserarily born of the other. It being understood that even were such a difference be found, the protection is not absolute may be lifted in extraordinary circumstances, which exist here. *See U.S. v. Delloite LLP* 610 F.3d 129, 135, 76 Fed. R. Serv. 3d 1367 (D.C.. Cir. 2010). Academically though, if waiver exists there is no authority that states such a waiver is limited only to fact rather than opinion work product.

The core of Barclays' confusion  seems to emanate from the fact that it does not appreciate that all of the evidence in this case is attorney work product and little, if anythign exists independently the witnesses' role as a lawyer. When there has been manufactured and curated testimony, the adverse party is certainly entitled to question

8

how such evidence came into being. The concept of opinion work product does not cover this scenario[1]. Importantly, most courts do not give opinion work product protection to a litigant's compilation of facts or documents supporting the party's position. *See Directory Dividends, Inc. v. SBC Commc'ns, Inc.,* No. 01-CV-1974, 2003 U.S. Dist. LEXIS 24296 (E.D. Pa. Dec. 31, 2003); *Methode Elecs., Inc. v. Finisar Corp.*, 205 F.R.D. 552 (N.D. Cal. 2001); *Axler v. Scientific Ecology Group, Inc.,* 196 F.R.D. 210, 212 (D. Mass. 2000).

Further, where some courts some courts apply the work product doctrine to a lawyer's selection of other documents during litigation preparation, this Court does not. *See In re Grand Jury Subpoenas* Dated Mar. 19 & Aug. 2, 2002, No. M 11-189, 2002 U.S. Dist. LEXIS 17079 (S.D.N.Y. Sept. 11, 2002) (explaining that the Second Circuit has acknowledged the Sporck rule, but never applied it; finding that the work product doctrine did not protect pre-existing documents collected by Akin Gump in anticipation of criminal proceedings).

As such, Barclays also misunderstands the role of cross-examination when such documents are adduced in trial by seeking to rely upon a skewed interpretation of TMPB that such evidence is insulated until trial, which, even if correct, would be advisory at best

---

[1] Opinion work product is: A lawyer's memoranda reflecting legal strategy or analysis (Restatement (Third) of Law Governing Lawyers § 89 cmt. b (2000); *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000)); draft settlement agreements (*N.V. Orqianon v. Elan Pharms., Inc.*, No. 99 Civ. 11674 (JGK) (RLE), 2000 U.S. Dist. LEXIS 15394, at *5, *6 (S.D.N.Y. Oct. 20, 2000)); details of and results of laboratory tests (*SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, No. 00 C 2855, 2001 U.S. Dist. LEXIS 18281, at*14-15 (N.D. Ill. Nov. 5, 2001)); draft materials prepared in anticipation of litigation or for trial. *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, No. 00 C 2855, 2001 U.S. Dist. LEXIS 18281, at *14 (N.D. Il1.Nov. 5, 2001)

and demands no deference of this Court. *See El Encanto, Inc. v. Hatch Chile Company, INC.* 825 F.3d 1161, 1165-66 (10th Cir. 2016).

### Conclusion

In the matter at hand, Barclays' attempt to rely simultaneously upon attorney work product which caiming work product to insulate itself from cross-examination is wrong. We therefore request that the Court order compulsion of such answers puruand to §24 or alternatively find that such non-answers constitutes 'non-attendance' for the purposes of this testimonial depositon and accordingly order a subpoena pusuant to Fed. R. Civ. P. 45 to secure proper attendance of the witness Ignacio Duran.

Dated: January 17, 2018
      New York, New York

                    Respectfully Submitted,

                    **Garson, Ségal, Steinmetz, Fladgate LLP**

                    **By:**_____
                    Robert Garson (*RG-1521*)
                    164 West 25th Street, Suite 11 R
                    New York, NY 10001
                    **Telephone:** (212) 380-3623
                    **Facsimile:** (347) 537-4540
                    **Email:** rg@gs2law.com

                    *Attorneys For Plaintiff-Opposer*