UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TIGER LILY VENTURES LTD,                    :

                     Plaintiff,      :

         -against-                        :

BARCLAYS CAPITAL INC.                       :

               Defendant.   :
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/18

**REPORT AND RECOMMENDATION**

17-MC-499 (GBD) (KNF)

## INTRODUCTION

The plaintiff filed an application with the United States Patent and Trademark Office

("USPTO") for the mark Lehman Brothers for intended use in connection with certain "beer"

and "spirits." The defendant opposed the plaintiff's application with the USPTO's Trademark

Trial and Appeal Board ("TTAB") and submitted a trial declaration, dated February 10, 2017, by

Ignacio V. Duran ("Duran"), "a former attorney/paralegal of Barclays' external counsel."

Thereafter, the plaintiff requested a "testimonial deposition on oral cross-examination," of

"Ignacio V. Duran, Associate Attorney at, Davidson Law Group PC., 15 Glen Street, Suite 302A

Glen Cove, NY 11542," "pursuant to Rule 2.123, 37 C.F.R. § 2.123, and the Federal Rules of

Civil Procedure," by serving a "Notice of Testimonial Cross-Examination" on the defendant's

attorney, dated April 5, 2017.

Before the Court is the plaintiff's motion, made "pursuant to Fed. R. Civ. P. 37(a)(2) for

an order directing Ignacio Duran to answer certain oral questions propounded to deponent in his

deposition previously noticed. This motion is based on the ground that deponent, without

1

justification, failed and refused to answer such questions," at "the testimonial deposition on oral cross-examination," conducted on November 28, 2017.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends that it "may request the court to compel a witness to a TTAB proceeding to answer" because, "in accordance with 35 U.S.C. § 24 and Fed. R. Civ. P. 45, Plaintiff served Defendant's counsel, Cowan, Liebowitz & Latman PC with a Notice of Testimonial Cross-Exa[m]ination for the testimonial deposition of Ignaico V. Duran," which was "taken at the offices of Garson, Segal, Steinmetz, Fladgate, LLP," in New York, New York. According to the plaintiff, the office where the deposition was taken "is located in the jurisdiction of the Southern District of New York. Therefore it is undisputed that under TBMP § 404.9,[1] that [sic] the Plaintiff's Motion to Compel the Defendant to Answer is properly before this Court."

The plaintiff asserts that the answers it seeks are "central to the issues in the TTAB Proceeding," and the defendant

> abused protection provided by the work product privilege by objecting or instructing Duran not to answer Tiger Lily's questions by: (a) failure to state the basis for the objection or instruction; (b) failure to provide a privilege log; (c) asserting a work product privilege when Barclay waived such privilege; (d) preventing Tiger Lily from obtaining information to [sic] which Tiger Lily has a substantial need; and (e) mischaracterizing Duran's compilation of evidence as work product.

---

[1] The plaintiff uses an acronym, "TBMP" in its memorandum of law, without identifying the words from which the acronym is derived. The Court assumes that the plaintiff's acronym TBMP stands for "Trademark Trial and Appeal Board Manual of Procedure," which is neither binding on nor applicable to actions in federal courts.

2

Moreover, the defendant "conflates attorney client privilege with work product immunity" and it waived any work product protection "by presenting Duran as a witness" and because "instructions on the creation of the exhibits are not core work product." The plaintiff asserts it has substantial need for answers designated as work product by the defendant.

## DEFENDANT'S CONTENTIONS

The defendant contends that a federal court "does not have jurisdiction to determine a motion to compel testimony in connection with a  TTAB proceeding, unless the testimony is being taken pursuant to a subpoena issued by the Court under 35 U.S.C. § 24 and Fed. R. Civ. P. 45." According to the defendant, "no such subpoena has ever been issued in connection with the testimony of Mr. Duran" by this court; thus, this court has no jurisdiction over the instant motion.

The defendant asserts that the information sought by the plaintiff is shielded from disclosure under the opinion-work-product doctrine because it was created "as part of Barclays' trial preparation," and the plaintiff failed to show any factual support for its assertion of "substantial need" for the information requested to overcome the work product protection. The defendant maintains that it did not waive work product protection "concerning 'why'" the information requested was selected by the defendant. The defendant contends that the plaintiff "conflates discovery with trial testimony," and the rules on which the plaintiff relies, in support of this motion, govern discovery and are not applicable to a motion to compel trial testimony.

## PLAINTIFF'S REPLY

The plaintiff asserts that, in connection with the defendant's lack of jurisdiction argument, the defendant "elevates form far above substance, *a fortiori* since the reserve position

3

of this Court would be, in consequence, to issue a Fed. R. Civ. P. 45 subpoena with direction to answer the questions previously posed." According to the plaintiff, "a deposition attended pursuant to notice rather than subpoena should be deemed to have been taken pursuant to subpoena for the purposes of 35 U.S.C. § 24." The plaintiff contends that the defendant "seeks to draw a false impression between fact work product and opinion work product. Due to the fact that none of this work product preexisted, was never kept in the ordinary course of business by Barclay or opposing counsel, there is no fact work product."

## LEGAL STANDARD

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. . . . A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify. No witness shall be deemed guilty of contempt for disobeying such subpoena unless his fees and traveling expenses in going to, and returning from, and one day's attendance at the place of examination, are paid or tendered him at the time of the service of the subpoena; nor for refusing to disclose any secret matter except upon appropriate order of the court which issued the subpoena.

35 U.S.C. § 24.

## APPLICATION OF LEGAL STANDARD

Although the plaintiff asserted in its motion that, "in accordance with 35 U.S.C. § 24 and Fed. R. Civ. P. 45, Plaintiff served Defendant's counsel, Cowan, Liebowitz & Latman PC with a Notice of Testimonial Cross-Exa[m]ination for the testimonial deposition of Ignaico V. Duran," in its reply, the plaintiff admitted that its "Notice of Testimonial Cross-Examination" was not served pursuant to 35 U.S.C. § 24 because it asserted that "a deposition attended pursuant to notice rather than subpoena should be deemed to have been taken pursuant to subpoena for the

4

purposes of 35 U.S.C. § 24," without citation to any authority in support of its assertion. The Court finds that plaintiff's April 5, 2017 "Notice of Testimonial Cross-Examination," Docket Entry No. 12-1, was not issued pursuant to 35 U.S.C. § 24 because it was not issued by "[t]he clerk of" this court "upon the application" of the plaintiff for a "witness residing or being within" this district, the Southern District of New York. Since: (1) only "[a] judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify," 35 U.S.C. § 24; and (2) the plaintiff's "Notice of Testimonial Cross-Examination," dated April 5, 2017, was not issued pursuant to 35 U.S.C. § 24, no jurisdiction exists over the instant motion.

The plaintiff's contention that "a deposition attended pursuant to notice rather than subpoena should be deemed to have taken pursuant to subpoena for the purposes of 35 U.S.C. § 24" is baseless and meritless because the April 5, 2017 "Notice of Testimonial Cross-Examination," issued by the plaintiff's attorney, noticed the deposition of "Ignacio V. Duran, Associate Attorney at, Davidson Law Group PC, 15 Glen Street, Suite 302A Glen Cove, NY 11542," and Glen Cove, New York, is not located within the Southern District of New York. Thus, even assuming that, on April 5, 2017, rather than issuing a Notice of Testimonial Cross-Examination, the plaintiff made an application to the Clerk of Court for the Southern District of New York to issue a subpoena for "Ignacio V. Duran, Associate Attorney at, Davidson Law Group PC, 15 Glen Street, Suite 302A Glen Cove, NY 11542," the Clerk of Court for this district would have been without authority to issue a subpoena for such a witness because that witness was not "residing or being within such district," as required by 35 U.S.C. § 24. Moreover, Rule 45 of the Federal Rules of Civil Procedure governing the form, content, notice, service and

5

enforcement of a subpoena served on a non-party, provides certain procedural and due process protections not provided by other Rules of Federal Civil Procedure, including Rule 30. The plaintiff does not contend that it complied with the requirements of Rule 45 of the Federal Rules of Civil Procedure. The Court finds that no basis exists for the deposition of "Ignacio V. Duran, Associate Attorney at, Davidson Law Group PC, 15 Glen Street, Suite 302A Glen Cove, NY 11542," to "be deemed to have been taken pursuant to subpoena for the purposes of 35 U.S.C. § 24," because the Clerk of Court for this judicial district would have had no authority, at the time the plaintiff issued its Notice of Testimonial Cross-Examination, to issue a subpoena pursuant to 35 U.S.C. § 24, given that Glen Cove, New York, is not within the confines of this judicial district.

## RECOMMENDATION

For the foregoing reasons, I recommend that the motion, Docket Entry No. 10, be dismissed for lack of jurisdiction.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. *Failure*

6

*to file objections within fourteen (14) days will result in a waiver of objections and will*

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
          May 2, 2018

Respectfully submitted,

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

7