

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TIGER LILY VENTURES LTD.,

                Plaintiff,

   -against-

BARCLAYS CAPITAL INC.,

                Defendant.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

17 Misc. 499 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Tiger Lily Ventures Ltd. ("Tiger Lily") has filed applications with the United States Patent and Trademark Office ("USPTO") to use the LEHMAN BROTHERS mark in connection with beer, spirits, and bar and restaurant services. (Mem. in Supp. of Mot. to Compel ("Mem."), ECF No. 11, at 2.) Defendant Barclays Capital Inc. ("Barclays"), the owner by assignment of the LEHMAN BROTHERS name and trademark, filed an opposition with the USPTO's Trademark Trial and Appeal Board ("TTAB") contesting Tiger Lily's applications. (Id.; see also Mem. in Opp'n to Mot. to Compel ("Opp'n"), ECF No. 15, at 1.)

Barclays's submissions to the TTAB included, among other things, the trial declaration of Ignacio Duran, a "former attorney/paralegal of Barclays' external counsel." (Mem. at 3.) On April 5, 2017, Tiger Lily served counsel for Barclays with a notice of testimonial cross-examination for Duran's deposition.[1] (Mem. at 5; see also Notice of Deposition, Decl. of Robert Garson dated Dec. 19, 2017, Ex. 1, ECF No. 12-1.) The notice identified Duran as an "Associate Attorney at [the] Davidson Law Group PC., 15 Glen Street, Suite 302A[,] Glen Cove, NY." (See Notice of Deposition at 1.) The notice

---

[1] Although Tiger Lily claims that the notice of deposition was issued "in accordance with 35 U.S.C. § 24 and [Federal Rule of Civil Procedure] 45," (Mem. at 5), the notice itself indicates that it was issued "pursuant to Rule 2.123, 37 C.F.R. § 2.123, and the Federal Rules of Civil Procedure." (See Notice of Deposition at 1.)

also "invited [Duran] to attend" a deposition at the law offices of Tiger Lily's counsel, located at 164 West 25th Street, New York, New York. (*Id.* at 1–2.) As requested, Duran attended the deposition. (Mem. at 4.) However, on the timely objections of counsel, he refused to answer certain questions, citing attorney-client privilege and the work-product doctrine. (*Id.* at 4–5; Opp'n at 1, 4.) Invoking this Court's miscellaneous jurisdiction, Tiger Lily now moves to compel Duran to respond to the deposition questions that he refused to answer. (Mem. at 14.)

Before this Court is Magistrate Judge Kevin Nathaniel Fox's May 2, 2018 Report and Recommendation ("Report," ECF No. 18), recommending that this Court dismiss Tiger Lily's motion to compel for lack of jurisdiction. (*Id.* at 6.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 6–7.) Tiger Lily filed a timely objection to the Report. (*See* Pl.'s Obj., ECF No. 19.)

Having reviewed the Report *de novo*, this Court ADOPTS the Report in full and DISMISSES Tiger Lily's motion to compel for lack of jurisdiction.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* On *de novo* review, it is sufficient that the court "arrive at its own, independent conclusions regarding those portions to which objections were made." *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 526 (S.D.N.Y. 2013) (citations omitted).

Portions of a magistrate judge's report to which no objections or merely general objections are made are reviewed for clear error. *See Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district

court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.") (citation omitted); *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. TIGER LILY'S MOTION TO COMPEL DURAN'S DEPOSITION TESTIMONY IS DISMISSED FOR LACK OF JURISDICTION

Tiger Lily contends that it may seek an order from this Court compelling Duran to answer questions at his deposition because he was served with a notice of testimonial cross-examination "in accordance with 35 U.S.C. § 24 and Fed. R. Civ. P. 45." (Mem. at 5.) The Report recommends that this Court dismiss Tiger Lily's motion to compel for lack of jurisdiction because Duran's deposition notice was not, in fact, issued pursuant to 35 U.S.C. § 24. (Report at 5–6). In light of Tiger Lily's objections, this Court reviews the Report *de novo*.

Title 35, Section 24 of the United States Code provides, in pertinent part:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24. The statute provides further that "[a] judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify." *Id.* Rule 45 of the

3

Federal Rules of Civil Procedure similarly provides for court-ordered compliance with a subpoena issued by the clerk of court in which the action is pending. *See* Fed. R. Civ. P. 45(a), (g).

Here, it is undisputed that Duran's attendance at the deposition was not compelled by a subpoena issued by the Clerk of this Court pursuant to either 35 U.S.C. § 24 or Rule 45. (*See* Notice of Deposition at 1; Mem. at 5; Opp'n at 7.) Thus, as the Report correctly concluded, there is no basis in law or fact for this Court to issue an order compelling Duran to attend and give testimony at a deposition. (Report at 5–6); *see Rosenruist-Gestao E Servicos LDA v. Virgin Enters.*, 511 F.3d 437, 445 (4th Cir. 2007) ("If a party to an *inter partes* proceeding wishes to take the trial testimony of an adverse party or an official of an adverse party who is unwilling to appear [and give testimony] voluntarily, then the examining party must secure attendance of the deponent *by subpoena*.") (emphasis added); *see also* TBMP § 707.03(d) (motions in federal court to compel deposition testimony may not be sought absent a subpoena issued pursuant to 35 U.S.C. § 24 or Rule 45). Tiger Lily claims that notwithstanding its failure to obtain a subpoena pursuant to 35 U.S.C. § 24 or Rule 45, Duran's noticed deposition "should be deemed to have been taken pursuant to subpoena for the purposes of 35 U.S.C. §24." (Reply, ECF No. 17, at 6.) However, as the Report notes, Tiger Lily cites no factual or legal support for that proposition, (Report at 5), and such a finding would clearly be contrary to the text of the statute.

Moreover, the notice for Duran's deposition unequivocally states that it was served pursuant to 37 C.F.R. § 2.123, which provides for objections raised at depositions noticed thereunder to be decided at the final TTAB hearing. (*See* Notice of Deposition at 1); 37 C.F.R. § 2.123(j) (objections to "any declaration, affidavit, or deposition, or part thereof . . . may not be considered until [the] final hearing"); TBMP § 707.03(d) (absent a subpoena, "[t]here is no mechanism for obtaining from the Board, prior to final hearing, a ruling on the propriety of an objection to a question propounded during a testimony

4

deposition"); *Health-Tex Inc. v. Okabashi (U.S.) Corp.*, 18 U.S.P.Q.2d 1409, 1990 WL 354604, at *2 (T.T.A.B. June 15, 1990) (objections concerning a deponent's refusal to answer questions in connection with oral depositions under Rule 2.123 are not considered until final hearing). Accordingly, the Report properly concluded that since Duran's attendance at the deposition was on notice rather than by subpoena, this Court is without jurisdiction to enter an order compelling Duran to answer questions at the deposition.[2]

### III. CONCLUSION

Tiger Lily's objections are OVERRULED and its motion to compel, (ECF No. 10), is DISMISSED for lack of jurisdiction.

The Clerk of Court is directed to close the motion and this case accordingly.

Dated: New York, New York
May 22, 2018

SO ORDERED.

MAY 22 2018

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] Tiger Lily objects to the Report's conclusion that, because the notice served on counsel for Barclays called for the deposition of an individual located in Glen Cove, New York, which is beyond the territorial confines of this District, the Clerk of this Court would have lacked authority to issue a subpoena for Duran's deposition pursuant to 35 U.S.C. § 24. (Pl.'s Obj. at 6–7.) More specifically, Tiger Lily claims that Duran's deposition was conducted in this District, and that, at a minimum, he was subject to the subpoena power of this Court on that day. (*Id.*) Even if that is correct, it is undisputed that Tiger Lily failed to secure Duran's attendance at the deposition with a subpoena issued pursuant to either 35 U.S.C. § 24 or Rule 45. Because Duran attended the deposition on a purely voluntary basis, this Court cannot compel him to give testimony he does not wish to provide.

5